| | |
|---|---|
| **DISTRICT COURT, JEFFERSON COUNTY, COLORADO**<br>Court Address:    100 Jefferson County Parkway<br>                              Golden, Colorado 80419<br>Telephone:          (303) 271-6215 | DATE FILED: July 23, 2015 5:49 PM<br>FILING ID: B87B2F45C890A<br>CASE NUMBER: 2015CV31274 |
| **Plaintiffs:**<br>COPPER OAKS MASTER HOME OWNERS ASSOCIATION, a Colorado corporation;<br><br>v.<br><br>**Defendant:**<br>AMERICAN FAMILY MUTUAL INSURANCE COMPANY, a corporation. | **COURT USE ONLY** |
| **Attorneys for Plaintiff:**<br><br>JoAnne M. Zboyan, Esq., #14372<br>SPRINGER AND STEINBERG, P.C.<br>1600 Broadway, Suite 1200<br>Denver, Colorado 80202<br>Telephone: (303) 861-2800<br>Facsimile: (303) 832-7116<br>E-mail: jzboyan@springersteinberg.com   Christopher N. Mammel, Esq., #10980<br>BECKER & POLIAKOFF, P.A.<br>625 N. Flagler Blvd., 7th Floor<br>West Palm Beach, FL 33401<br>Telephone: (561) 820-2872<br>Facsimile: (561) 832-8987<br>E-mail: cmammel@bplegal.com | Case Number:<br><br>Div.:         Ctrm.: |
| **COMPLAINT FOR DECLARATORY RELIEF, PETITION TO COMPEL APPRAISAL, BREACH OF CONTRACT,<br>STATUTORY RELIEF UNDER C.R.S. § 10-3-1116<br>AND BAD FAITH** | |

Plaintiff, Copper Oaks Master Home Owner's Association ("Copper Oaks"), by its undersigned attorneys, for its Complaint against American Family Mutual Insurance Company ("American Family"), alleges, avers and states as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action for declaratory relief due to American Family's misinterpretation of the appraisal provision of the insurance policy, and breaches of contract due to American Family's failure to pay insurance benefits for damages to property covered by American Family insurance policy that exceed the amount of $15,000, exclusive of pre-judgment interest, court costs and attorneys' fees. Additionally,

1

Plaintiff sues to enforce its rights under C.R.S. 10-3-1115 and 1116, and related laws, and petitions to compel the appraisal remedy set forth in the insurance contract issued by American Family.

## PARTIES

2. During relevant times, Plaintiff Copper Oaks was the owner of commercial residential real property located at 10800 - 10878 W. Evans Ave., Lakewood, CO 80227 (the "Property").

3. Defendant, American Family, is an insurance company licensed with the State of Colorado with the Division of Insurance engaged in the business of issuing property and casualty insurance policies insuring commercial and other properties in the State of Colorado.

## JURISDICTION and VENUE

4. This Court has subject matter and personal jurisdiction over the parties to this cause of action.

5. A cause of action exists under Colorado state law for claims regarding the conduct complained of herein.

6. Jurisdiction is proper as to American Family pursuant to C.R.S. § 13-1-124(1)(a), (b), and (d) because American Family conducted the business at issue in this action, committed tortious misconduct and contracted to insure property within the State of Colorado.

7. Venue is proper pursuant to Colo.R.Civ.P. 98 because it is the venue in which the cause of action accrued and where the insured property in question is located.

## FACTS COMMON TO ALL COUNTS

8. American Family issued Copper Oaks a commercial all risk businessowners insurance policy, Policy Number BP 86 13 08 10 ("the Policy") to cover the real property located at 10800 - 10890 W. Evans Ave., Lakewood, CO 80227 (the "insured premises"). A certified copy of the Policy is attached hereto as Ex. "A."

9. The Policy was in full force and effect from 11-01-12 to 11-01-13.

10. Under the Policy, American Family agreed to pay for direct physical loss and damage to the insured premises as a result of hail.

11. Under the Policy, American Family agreed to adjust all losses with the insureds.

12. Copper Oaks paid the premiums due on the Policy in a timely manner, and performed all duties and responsibilities required of it under the Policy.

13. On or about September 9, 2013, while the Policy was in full force and effect, the insured premises sustained damage due to a hail storm.

14. Copper Oaks timely made claims to American Family for benefits under the Policy, namely the cost to repair and restore or replace the damage. American Family acknowledged the claims, assigning it Claim nos. 00-225; 00-225-069576; 00-225-069581; 00-225-069584; 00-225-069586; 00-225-069587; 00-225-069588; 00-225-069591; 00-225-069592; 00-225-069593; 00-225-069595; 00-225-069599; 00-225-069600; 00-225-069602-069560; 00-225-069603; and 00-225-069604.

15. Copper Oaks has fulfilled all other duties required of it under the Policy after discovery of the loss.

16. Copper Oaks has performed all conditions precedent and subsequent required under the insurance Policy, or alternatively, has been excused from performance by the acts, representations and/or conduct of American Family.

17. American Family has failed to make a timely decision and/or pay the full benefits due under the Policy within sixty (60) days after Copper Oaks' complete claim was submitted, as required by DORA Regulation 5-1-14.

## FIRST CLAIM FOR RELIEF
## DECLARATORY RELIEF

18. Plaintiff re-alleges paragraphs 1-17 as though fully set forth herein.

19. An actual controversy exists between Copper Oaks and American Family regarding the interpretation and application of the appraisal provision of the Policy which requires a declaration of rights between the Parties pursuant to C.R.C.P. 57.

20. On or about November 12, 2014, Copper Oaks' public adjuster submitted to American Family its full estimate of the covered damage to the property.

21. Almost sixty days later, on or about January 9, 2015, American Family designated Madsen, Kneppers and Ass., Inc. to evaluate the hail damage to Copper Oaks.  They requested an inspection date of January 21-23, 2015.  On January 21, 2015, American Family's engineers asked for the 900 page estimate Copper Oaks had previously provided to American Family on November 12, 2014 to use in inspecting the property that same day.

22. On or about February 17, 2015, Copper Oaks' representative followed up with American Family's adjusters, to obtain payment in light of the requirements of DORA regulation 5-1-14, requiring insurance companies to make timely decisions and payment within 60 days of receipt of the first party insurance claim such as the one submitted by Copper Oaks.

23. Further, despite requests starting on April 7, 2014 to American Family for a certified copy of the policy it issued to Copper Oaks, no such policy copy was provided by American Family until on or about October 10, 2014.

24. The American Family Policy sold to Copper Oaks states:

> "2.     Appraisal
>
> If we and you disagree on the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:
>
> a. Pay its chosen appraiser; and
>
> b. Bear the other expenses of the appraisal and umpire equally.
>
> If there is an appraisal, we will still retain our right to deny the claim."

*See* Exhibit A hereto, Policy, Businessowners Property Coverage Form PB 00 03 01 06, E. Property Loss Conditions, § 2. Appraisal (Exhibit A, p. 40).

25. On February 27, 2015, Copper Oaks' public adjuster demanded appraisal in accordance with the Conditions of the Policy. *See* letter attached as Ex. B. American Family was obligated under the Policy to respond to the demand and honor the appraisal provision by appointing an appraiser within 20 days.

26. No response was received until June 11, 2015, at which time American Family's representative wrote, among other things:

> "We acknowledge receipt of your further demand for appraisal. You have been provided with copies of our most recent estimates. *We agree to these estimates as the scope of repair*. We did not include items in our estimates that were not found to be damaged. *If you disagree with the costs to complete the scope of repairs as allowed in our most recent estimates*, please be advised that we are willing to proceed to appraisal as to these items.
>
> However, as you are aware, *there are additional items in your estimate which are not included in our estimate*. *This difference in the scope of repairs between your estimate and our estimate may therefor involve determination of coverage*. Please note that appraisers and/or umpires do not have the authority to adjudicate the coverage issues. We are willing to proceed to appraisal on these additional items at this time. However, by doing so, please be advised that American Family is not waiving its rights to dispute coverage or to submit the appraisal award to a district court judge to review the appraisal award for coverage. The appraisal award therefor should separately calculate and identify disputed costs for the disputed items so that the coverage issues can be addressed at a later date if need be. The appraisers, and umpire if required, will be specifically directed to make these separate calculations in any award." (Emphasis added.)

*See* Letter dated June 11, 2015, attached as Ex. C.

27. American Family's interpretation of the appraisal language of the Policy is not consistent with the express language of the provision, and is an attempt to rewrite the provision to eliminate its value as the bargained-for alternative dispute resolution mechanism specified in American Family's Policy enabling determination of the damages caused by the insured event and the value of such damage or necessary replacements. No issues of coverage are implicated by the appraisal demanded by Copper Oaks, as authorized in the Policy. Additionally, the appraisal panel has no authority to undertake hypothetical or alternative determinations of the amount of the loss, as suggested by American Family.

28. The contentions and assertions of duties purportedly owed expressed in the June 11, 2015 letter based on American Family's purported interpretation of its policy language has created uncertainty and confusion.

29. The rights, status, obligations and other legal relations of Copper Oaks and American Family are affected by the terms and conditions of the Policy as to whether the appraisal provision of the Policy authorizes and requires the appraisal panel to determine the amount of loss, including the damages caused by the insured event, as well as the value of the damage.

30. The rights, status, obligations and other legal relations of Copper Oaks and American Family are further affected by the terms and conditions of the Policy as to whether American Family may make new, post-claim assertions regarding the meaning of its policy language and require hypothetical valuations by the appraisal panel, without authority in the Policy that American Family wrote, issued and for which it collected payment.

31. Pursuant to C.R.C.P. 57, Copper Oaks respectfully requests a declaratory judgment from this Honorable Court as follows:

(a) That the Policy's appraisal provision requires the appraisal panel to independently determine the amount of damage caused by the covered event, without constraint as to whether American Family's or the insured's estimate reached the same conclusions as to scope of the damage (*i.e.* causation of damages by the insured event);

(b) That the Policy's appraisal provision requires the appraisal panel to independently determine the value and cost of repair or replacement of the damage caused by the covered event;

(c) That under the circumstances of this case, American Family must honor the appraisal provision by immediate appointment of an appraiser and participation in the appraisal process as declared by this Court without further delay.

WHEREFORE, Plaintiff Copper Oaks Master HOA respectfully requests:

(a) that the Court make the foregoing declarations of the parties' respective rights and obligations under the Policy;

(b) that the Court enter its declaratory judgment and award Plaintiff its costs, attorneys' fees pursuant to pursuant to applicable law, and such other relief as the Court deems appropriate.

## SECOND CLAIM FOR RELIEF
## PETITION TO COMPEL APPRAISAL

32. Plaintiff re-alleges paragraphs 1-31 as though fully set forth herein.

33. The Policy contains an appraisal provision providing an alternative dispute resolution process upon demand by either party in the event of a disagreement as to the amount of the loss:

> "2. Appraisal
>
> If we and you disagree on the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:
>
> a. Pay its chosen appraiser; and
>
> b. Bear the other expenses of the appraisal and umpire equally.
>
> If there is an appraisal, we will still retain our right to deny the claim."

*See* Exhibit A hereto, Policy, Businessowners Property Coverage Form PB 00 03 01 06, E. Property Loss Conditions, § 2. Appraisal (Exhibit A, p 40).

34. Copper Oaks and American Family disagree as to the amount of the loss sustained as a result of the loss event.

35. Plaintiff therefore demanded appraisal pursuant to the terms and conditions of the Policy by correspondence to American Family's adjuster by letter dated February 27, 2015.

36. Pursuant to the Policy, American Family has a contractual obligation to proceed with the appraisal to determine the amount of Plaintiff's loss.

37. American Family admits that the parties disagree as to the amount of the loss, but has failed to comply with Copper Oak's February 27, 2015 appraisal demand and honor the appraisal provision, and is in violation of the Policy.

38. Under the Policy, Copper Oaks is entitled to performance of the appraisal provision as an alternative dispute resolution means to determine the scope of the loss event (causation of damage) and the amount and value of the cost to repair or replace the damaged property.

WHEREFORE, Plaintiff Copper Oaks Master HOA respectfully prays this Court Order Defendant American Family Insurance Company to:

(a) immediately appoint an appraiser to determine the disputed amount of the loss and conduct further proceedings in accordance with the appraisal provision of the Policy;

(b) reimburse the Plaintiff for pre-judgment interest on the Award from the date to be determined by this Court, attorneys' fees in accordance with applicable law, and expenses incurred and to be incurred in prosecuting this action against the Defendant; and

(c) abate further proceedings in the lawsuit pending issuance of an appraisal award;

(d) grant Plaintiff such other and further relief as this Court may deem proper.

### THIRD CLAIM FOR RELIEF
### BREACH OF CONTRACT

39. Plaintiff re-alleges paragraphs 1-38 as though fully set forth herein.

40. Pursuant to the Policy, American Family has a contractual obligation to pay the full amount of Plaintiff's damages from the insured event, including the costs to repair and to replace the damage.

41. American Family breached the Policy by failing to adjust the loss with Plaintiff.

42. American Family breached the Policy by failing to pay Copper Oaks all benefits due and owing under the Policy.

43. As an anticipated and direct result of American Family's actions, Copper Oaks has:

(a) not received all Policy benefits owed to indemnify it for the entire loss;
(b) incurred and will incur in the future costs to repair, restore and/or replace the significant property damage;
(c) suffered and will continue to suffer incidental and consequential damages, within the contemplation of the parties in the event of breach; and
(d) suffered and will continue to suffer other expenses, including loss of pre-judgment interest, attorneys' fees, investigatory fees, and other losses.

**WHEREFORE,** Plaintiff Copper Oaks Master HOA respectfully requests that this Court enter Judgment against Defendant American Family Insurance Company for damages, costs, pre-judgment interest, attorneys' fees pursuant to applicable law, and such other relief as the Court deems appropriate.

### FOURTH CLAIM FOR RELIEF
### UNREASONABLE DELAY IN VIOLATION OF C.R.S 10-3-1115 and 1116

44. Plaintiff re-alleges paragraphs 1-43 as though fully set forth herein.

45. Under Colo. Rev. Stat. § 10-3-1115, an insurer who delays or denies payment to an insured without a reasonable basis for its delay or denial is in breach of the duty of good faith and fair dealing.

46. American Family has unreasonably delayed payment to Copper Oaks, knowingly and/or with reckless disregard for its unreasonable delay.

47. Colo. Rev. Stat. § 10-3-1116 authorizes a first-party claimant, such as Copper Oaks, whose claim for payment of benefits has been unreasonably delayed or denied to bring an action in a district court to recover reasonable attorneys' fees and court costs and two times the covered benefit.

**WHEREFORE,** Plaintiff Copper Oaks Master HOA respectfully requests that this Court enter Judgment against Defendant American Family Insurance Company for damages authorized pursuant to Colo. Rev. Stat. § 10-3-1116, costs, pre-judgment interest, attorneys' fees pursuant to applicable law, and such other relief as the Court deems appropriate.

## FIFTH CLAIM FOR RELIEF
## COMMON LAW BAD FAITH

48. Plaintiff re-alleges paragraphs 1-47 as though fully set forth herein.

49. Under the insurance policy, an insurer owes its insured the duty of good faith and fair dealing.

50. An insurer breaches its duty of good faith and fair dealing when it engages in unfair claim settlement practices.

51. Among other circumstances, American Family has committed unfair claim settlement practices including, without limitation:

   (a) Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies;
   (b) Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies;
   (c) Refusing to pay claims without conducting a reasonable investigation based upon all available information;
   (d) Not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear;
   (e) Compelling insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds;
   (f) Failing to promptly settle claims, where liability has become reasonably clear, under one portion of the insurance policy coverage in order to influence settlements under other portions of the insurance policy coverage;
   (g) Misrepresenting the terms and conditions of the Policy in an attempt to influence the insured to settle for less than all benefits reasonably afforded under the Policy for the subject loss and damage;
   (h) Encouraging its claim representatives to engage in unfair claims settlement practices against its insured, thereby violating applicable laws and regulations of the State of Colorado.

52. American Family has committed such actions willfully and with such frequency as to indicate a general business practice.

53. As a direct and proximate result of American Family's actions, Copper Oaks has:

(a) incurred and will incur in the future increased costs to repair, restore and/or replace the significant property damage;
(b) suffered and will continue to suffer damages as a proximate result of the misconduct alleged; and
(c) suffered and will continue to suffer other expenses, including loss of pre-judgment interest, attorneys' fees, investigatory fees, and other losses.

**WHEREFORE,** Plaintiff Copper Oaks Master HOA respectfully requests that this Court enter Judgment against Defendant American Family Insurance Company for damages, costs, pre-judgment interest, attorneys' fees pursuant to pursuant to applicable law, and such other relief as the Court deems appropriate.

**Plaintiff Demands Trial by Jury of All Issues So Triable.**

Respectfully submitted this 23rd day of July, 2015.

**SPRINGER & STEINBERG, P.C.**

*This document is being filed with the Court via ICCES, pursuant to C.R.C.P. 121, § 1-26. The signed original is on file at the offices of Springer & Steinberg, P.C.*

By:  */s/ JoAnne M. Zboyan*
JoAnne M. Zboyan, Esq.
Colorado Bar No. 14372
SPRINGER & STEINBERG, P.C., Of Counsel
1600 Broadway, Suite 1200
Denver, CO 80202
Telephone:  (303) 861-2800
Facsimile:  (303) 327-5973
E-mail:  jzboyan@springersteinberg.com

Christopher N. Mammel, Esq.
Colorado Bar No. 10980
BECKER & POLIAKOFF, P.A.
625 N. Flagler Blvd., 7th Floor
West Palm Beach, FL 33401
Telephone:  (561) 820-2872
Facsimile:  (561) 832-8987
E-mail:  cmammel@bplegal.com

ATTORNEYS FOR PLAINTIFFS

Plaintiff's Address:

COPPER OAKS MASTER
HOME OWNERS ASSOCIATION
10800 – 10878 W. Evans Ave.
Lakewood, CO 80227